Hansen Packing Company v. Commissioner.
Hansen Packing Co. v. Commissioner
Docket No. 109793.
United States Tax Court
1943 Tax Ct. Memo LEXIS 492; 1 T.C.M. (CCH) 467; T.C.M. (RIA) 43039; January 25, 1943
*492 Respondent's action in allocating to the year 1934 part of a refund of processing taxes recovered in 1940 sustained. The E. B. Elliott Co., 45 B.T.A. 82. Allan H. W. Higgins, Esq., 84 State St., Boston, Mass., for the petitioner. Charles P. Reilly, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $2,156.97 in income taxes of the petitioner corporation for the year 1934. [The Facts] The facts were stipulated in substantially the following form: The petitioner is a Montana corporation, having its principal place of business in Butte, Montana. The corporation income and excess profits tax return for the calendar year 1934 was filed with the collector of internal revenue for the district of Montana. The petitioner kept its books of account upon the accrual basis and made its income tax return in accordance therewith. During the year 1934 petitioner was engaged in the business of meat packing, which included the slaughtering and processing of hogs. During the entire year a processing tax was understood to be in effect on the slaughtering and processing of hogs under the Agricultural *493 Adjustment Act. Pursuant to the provisions of the Agricultural Adjustment Act and the regulations issued thereunder, the petitioner filed monthly processing tax returns beginning with November 1933, for the years 1933, 1934 and 1935 with the collector for the district of Montana, and accrued and paid the taxes determined under said Act and Regulations as follows: TAXES ACCRUED TAXES PAID
Amount
Amount
Month
Year
Amount
Date
Paid
Date
Abated
Nov.
1933
$ 2,120.08
1/5/34
$ 2,120.08
Dec.
"
3,719.95
2/28/34
3,719.95
Total
1933
$ 5,840.03
Jan.
1934
$ 4,070.10
3/2/34
$ 4,070.10
Feb.
"
3,805.41
4/30/34
3,805.41
Feb. additional
1934
3.00
8/6/35
3.00
Interest
1934
.47
8/6/35
.47
March
"
8,849.14
8/2/34
8,848.14
April
"
8,028.11
8/31/34
8,028.11
April additional
1934
72.79
8/6/35
82.62
Interest
1934
9.83
8/6/35
May
1934
7,395.08
10/1/34
7,395.08
June
"
6,879.83
11/2/34
6,879.83
July
"
7,367.74
12/1/34
7,367.74
Aug.
"
4,760.44
12/1/34
4,760.44
Sept.
"
8,578.44
1/2/35
8,578.44
Oct.
"
6,020.21
1/31/35
6,020.21
Nov.
"
9,318.94
3/28/35
9,318.94
Dec.
"
6,071.28
3/29/35
6,071.29
Total -
1934
$81,230.82
Jan.
1935
$ 4,870.01
4/30/35
$ 4,870.01
Feb.
"
3,648.49
6/4/35
3,648.49
March
"
5,701.89
7/2/35
5,701.89
April
"
6,399.16
8/3/35
6,399.16
May
"
6,745.68
8/30/35
6,745.68
June
"
8,094.47
10/1/35
8,094.47
July
"
8,604.86
9/25/35
2,151.22
11/5/35
6,453.64
Aug.
"
6,446.00
10/1/35
1,611.50
12/3/35
4,834.50
Sept.
"
5,811.89
11/5/35
1,452.97
1/3/36
4,358.92
Oct.
"
6,207.08
12/3/35
1,551.77
8/23/36
$4,655.31
Nov.
"
5,444.19
1/3/36
1,361.05
8/23/36
4,083.14
Total
1935
$67,973.72
$8,738.45
Grand total payments
* $146,306.12
*494 Petitioner's net income as originally reported for the taxable year 1934 was $10,156.29 and as subsequently adjusted by the revenue agent was $10,880.30. (The items causing the adjustment of $724.01 are not here in controversy.) In computing the net income reported on its tax return and as subsequently adjusted there was deducted as part of cost of goods sold the processing taxes accrued for the year 1934 in the amount of $81,220.52. Petitioner filed a claim under Title VII of the Revenue Act of 1936 for a refund of processing taxes paid under the above Act for the years 1933, 1934, and 1935 in the amount of $146,306.12, and following the decision by the United States Supreme Court in , that the processing tax enacted as part of the Agricultural Adjustment Act was unconstitutional, a settlement of this claim was made in 1940 through a compromise, whereby the petitioner received in 1940 the lump sum of $35,000 plus interest in the amount of $10,460.08 and signed an agreement not to prosecute further its claim for the balance of the processing taxes paid in the amount of $111,306.12. *495 The $35,000 principal sum so refunded to petitioner in 1940 was determined by the Commissioner to represent $15,687.05 of 1934 tax and $19,312.95 of 1935 tax. Petitioner included in its corporation income, declared value excess-profits, and defense tax return for the calendar year 1940, as a part of its taxable income for the year 1940, the amount of $38,615.28 representing a net refund of processing taxes and interest received in that year, computed as follows: Total refund of processing tax.
$35,000.00
Interest on refund
10,460.08
Total refund and interest
$45,460.08
Less: Expense
6,845.52
Net refund
$38,615.38
Petitioner's 1940 return showed a net income of $227.69 for the year 1940, on which a tax of $33.81 was assessed and paid. The deficiency determined in the notice of deficiency in the amount of $2,156.97 is based chiefly upon the disallowance of a deduction from gross income for the taxable year 1934 of processing taxes arising under the Agricultural Adjustment Act, to the extent of $15,687.05, said amount being the proportionate share of the refund of $35,000 referred to above which was determined by the Commissioner to be a refund of 1934 processing taxes. *496 Other adjustments made in the original tax return by the Commissioner as set forth in the notice of deficiency are not involved in this proceeding. On this set of facts the petitioner contends that the respondent erred in adjusting its income and deductions for 1934 by the amount which the Commissioner allocated to that year of the processing tax refund obtained in a compromise settlement in 1940. It relies on ; , and kindred cases. It also contends that, assuming an adverse decision on the right to adjust prior income and deductions, no allocation is here proper because the refund resulted from a compromise and is in a lesser amount than the taxes paid. Respondent relies on , and . The cases cited by respondent are controlling. The fact that the refund was based on a compromise and is in a lesser amount than the taxes paid is not sufficient to avoid the rule laid down in the Elliott Co. *497 case. Similar facts obtained in some of the cases therein cited and discussed. Decision will be entered for the respondent. Footnotes
*. Includes interest of $10.30.↩